IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-03009-01-CR-S-BCW |
| | ) | |
| JACOB RYAN HAYFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Counsel for defendant has filed a motion for continuance of the March 16, 2020 trial setting in the above-captioned case. (Doc. 16.)

In any case in which a plea of not guilty is entered, the trial shall commence within 70 days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (the "Speedy Trial Act"). However, in computing the time within which trial of any offense must commence, any period of delay resulting from a continuance granted by the court at the request of a defendant or his or her counsel, which serves the ends of justice, shall be excluded from computing the time. 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act requires that the court set forth its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Factors which this Court shall consider in determining whether to grant a continuance include whether the failure to grant such a continuance would be likely to result in a miscarriage of justice and deny reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Counsel for defendant states that additional time is needed to globally evaluate the case,

including the discovery, guidelines, suppression issues, and resolution options. Failure to grant the continuance would deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and defendant in a speedy trial. It is therefore

**ORDERED** that the motion for continuance of the March 16, 2020 trial setting is granted; and it is further

**ORDERED** the above-captioned case is reset for jury trial on the Joint Criminal Trial Docket which commences on **June 1, 2020 at 9:00 a.m.**; and it is further

**ORDERED** that the pretrial conference set in this matter on February 25, 2020 is hereby cancelled; and it is further

**ORDERED** that the additional period of delay in commencing the trial caused by this continuance shall be excluded in computing the time within which this trial shall commence under the Speedy Trial Act.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: February 20, 2020